UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BENAIAH MUSANGU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:24-CV-1649-B |
| | § | |
| STATE FARM MUTUAL | § | |
| AUTOMOBILE INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant State Farm Mutual Automobile Insurance Company ("State Farm")'s Unopposed Motion to Sever and Abate (Doc. 15). For the reasons below, the Court **DENIES** State Farm's Motion.

### I.

### BACKGROUND

This is an insurance dispute. Plaintiff Benaiah Musangu suffered injuries after getting in a car accident with an unknown third party. Doc. 1-5, Pet., ¶ 5.1. Dallas Police found the third party was at fault for the crash. *Id.* ¶ 5.3. The Parties do not know whether the third party was insured. *Id.* ¶ 5.2. At all relevant times, Musangu had an uninsured motorist benefit under his State Farm car insurance policy. *Id.* ¶ 5.4.

Musangu sued State Farm in state court for breach of contract, violations of Texas Insurance Code § 542.003 for failing to timely pay his claim, acting in bad faith in violation of Texas Insurance Code § 541.060 and the Texas Deceptive Trade Practices Act ("DTPA"), and intentional and

knowing violation of the DTPA. *Id.* ¶¶ 6.1–10.3.[1] State Farm removed the case on June 28, 2024. Doc. 1, Notice Removal. State Farm later filed an unopposed Motion to Sever and Abate Musangu's extra-contractual claims from his contractual claim (Doc. 15). The Court considers it below.

## II.

## LEGAL STANDARD

The Court treats this Motion to Sever as a motion for separate trials under Federal Rule of Civil Procedure 42(b). *See Kea v. Meridian Sec. Ins. Co.*, No. 3:19-CV-2017-G, 2019 WL 6729083, at *1 (N.D. Tex. Dec. 10, 2019) (Fish, J.); *cf. United States v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983) (differentiating motions to sever under Rule 42(b), which separates claims within a single action, and motions to sever under Rule 21, which creates a separate action). District courts have discretion to abate and sever claims. *Hellstern v. Hartford Fire Ins. Co.*, No. 3:14-CV-0993-P, 2015 WL 11120978, at *6 (N.D. Tex. June 23, 2015) (Solis, J.); *see Fed. Deposit Ins. Corp. v. Blanton*, 918 F.2d 524, 533 (5th Cir. 1990) (reviewing a trial court's abatement decision for abuse of discretion). Federal Rule of Civil Procedure 42(b) allows a court to sever claims if "convenience, prejudice, and expedition and economy" favor it. *See Sims v. City of Jasper*, 117 F.4th 283, 288 (5th Cir 2024).

## III.

## ANALYSIS

A.   *Rule 42(b) Does Not Favor Severing Musangu's Claims.*

The Court denies State Farm's Motion to Sever and Abate. Musangu asserts claims under Texas law. *See* Doc. 1-5, Compl., ¶¶ 6.1–10.3. Federal law governs whether the Court should grant

---

[1] Based on State Farm's proposed order, the Court construes the breach of contract claim as the "contractual claim" and all other claims as the "extra-contractual claims" that State Farm seeks to sever and abate. Doc. 15-1, Proposed Order, 1.

severance because State Farm removed the case on diversity grounds, *see* Doc. 1, Notice Removal, and the question of severance is a procedural one that "is governed by federal law." *See Lumbermens Mut. Cas. Co. v. Bell*, 289 F.2d 124, 125–26 (5th Cir. 1961). But state law is persuasive. *See Greil v. Geico*, No. 3:01-CV-0352-H, 2001 WL 1148118, at *1 (N.D. Tex. Sept. 18, 2001) (Sanders, J.).

Federal Rule of Civil Procedure 42(b) allows a court to sever claims if "convenience, prejudice, and expedition and economy" favor severance. *Sims*, 117 F.4th at 288; FED. R. CIV. P. 42(b). Severance can be necessary "in some cases alleging that insurers both breached a contract and acted in bad faith, particularly when a settlement offer had been made." *Hazen v. Allstate Ins. Co.*, No. 4:16-CV-3068, 2017 WL 3506862, at *1 (S.D. Tex. Aug. 16, 2017); *see also Hellstern*, 2015 WL 11120978, at *6 (noting one reason to sever claims is "when an insurer has made a settlement offer on a disputed contract claim because evidence of the settlement might prejudice an insurer having to defend a contract claim before a jury"). This is because a settlement offer can serve as a defense to extra-contractual claims (i.e., claims other than a breach-of-contract claim), but it could prejudice a defendant-insurer in a trial on liability (i.e., a breach of contract claim). *Kea*, 2019 WL 6729083, at *3. But in cases in which a defendant has made no settlement offer, "courts deny severance because no prejudice to the defendant is apparent." *Hellstern*, 2015 WL 11120978, at *6 (collecting cases). Severing claims "is not the usual course that should be followed," and the severed claim "must be so distinct and separable from the others that a trial of it alone may be had without injustice." *Alabama v. Blue Bird Body Co.*, 573 F.2d 309, 318 (5th Cir. 1978). "[T]he burden is on the party seeking severance to show how it will be prejudiced if the claims are tried together." *Hellstern*, 2015 WL 11120978, at *6.

State Farm moves to sever and abate Musangu's breach of contract claim from any extra-contractual claims.[2] Doc. 15-1, Proposed Ord., 1. But it fails to show that "convenience, prejudice, and expedition and economy" favor severance. *See Sims*, 117 4th at 288.

First, State Farm fails to show how severing the claims would promote convenience or judicial economy. The breach of contract and extra-contractual claims are "factually intertwined," which weighs against severing the claims. *See Garcia v. Allstate Vehicle & Prop. Ins. Co.*, No. 3:21-CV-3132-B, 2022 WL 1289555, at *2 (N.D. Tex. Apr. 29, 2022) (Boyle, J.).

In *Garcia*, the Court denied a defendant-insurer's motion to sever and abate because "severing the[] claims would only serve judicial efficiency if the contractual claim [were] resolved against Plaintiff, . . . dispos[ing] of the remaining [extra-contractual] claims." *Id.* But if the contractual claim were resolved against the defendant-insurer, severing the claims would require reopening discovery, empaneling another jury "to decide claims that could have been presented to the previous jury," unnecessarily inconveniencing the public, and causing the court and the parties unnecessary expense. *Id.*

Here, as in *Garcia*, severing Musangu's contractual claim would only serve judicial economy if it were resolved against Musangu. If the contractual claim is resolved in Musangu's favor, then severing the contractual claim would cause the Court, the Parties, and the public needless inconvenience and expense to separately embark on Musangu's extra-contractual claims. *See id.*

---

[2] This is not entirely clear from State Farm's Motion, which "requests that this Court sever Plaintiff's extra-contractual claims from the underlying tort lawsuit." Doc. 15, Mot., 2. But because State Farm cited no related tort case in its Notice of Removal, *see* Doc. 1, Notice Removal, and its proposed order requires the breach of contract action and extra-contractual claims to be separated, the Court gleans that the relief State Farm seeks is to sever Musangu's breach of contract and extra-contractual claims (i.e., any claims that are not for breach of contract) and to abate the latter.

Second, State Farm does not assert that it has made a settlement offer, so severance is not necessary to prevent prejudice in a trial on liability. *Cf. Kea*, 2019 WL 6729083, at *3. Thus, "no prejudice to the defendant is apparent." *Hellstern*, 2015 WL 11120978, at *6. Nor does State Farm assert any other grounds for prejudice. Instead, citing to *Brainard v. Trinity Universal Ins. Co.* and subsequent cases, it argues that "the success of a plaintiff's extra-contractual causes of action depends on the success of the breach of contract causes of action." Doc. 15, Mot. 3; 216 S.W.3d 809 (Tex. 2006). And it notes that insurance carriers have "no contractual duty to pay" the benefits at issue "until [Musangu] establishes the liability and underinsured status of the other motorist." Doc. 15, Mot., 3. But the fact that the success of Musangu's extra-contractual claims depends on the success of his breach of contract claim does not require the Court to sever the claims. And *Brainard* is inapposite. In *Brainard*, the Supreme Court of Texas affirmed that a plaintiff was not entitled to recover attorney's fees because the plaintiff's insurer had no contractual obligation to the plaintiff until the underinsured motorist's liability and the insured's damages were determined. 216 S.W.3d at 818. While *Brainard* answered the question of when an insurer became contractually obligated, it did not answer the question of when a federal court sitting in diversity should exercise its discretion to sever claims. Thus, these arguments do not show how failing to sever the claims would prejudice State Farm.

B.      *The Court Declines to Abate Musangu's Extra-contractual Claims.*

The Court also finds abatement inappropriate. It is within the district court's discretion to decide whether to abate a claim. *See Fed. Deposit Ins. Corp.*, 918 F.2d at 533. Courts "may deny abatement if it would unduly prolong the litigation." *Fowler v. Gen. Ins. Co. of Am.*, No. 3:14-CV-2596-G, 2014 WL 5879490, at *4 (N.D. Tex. Nov. 13, 2014) (Fish, J.). Absent a showing that

"abatement would be more efficient than trying the claims concurrently," courts have declined to abate extra-contractual claims. *See, e.g.*, *Kea*, 2019 WL 6729083, at *3.

State Farm argues it would suffer an unnecessarily expansive scope of discovery absent the relief it seeks. *See* Doc. 15, Mot., 5. The Court disagrees. Because Musangu's contractual and extra-contractual claims are factually intertwined, discovery for both claims is likely to overlap. Separating the discovery process for each claim could thus "unduly prolong the litigation." *Fowler*, 2014 WL 5879490, at *4. This is particularly true if the contractual claim is resolved in Musangu's favor. Thus, for the same reasons why prejudice, convenience, and efficiency do not favor severing the trials, the Court finds no reason to abate the extra-contractual claim.

## IV.

## CONCLUSION

Accordingly, State Farm Mutual's Motion to Sever and Abate (Doc. 15) is **DENIED**.

**SO ORDERED**.

**SIGNED: November 5, 2024**.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE